IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MOHAMED A. EL-TABECH, | ) | 4:10CV3179 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion to Dismiss. (Filing No. 8.) As set forth below, the Motion is granted.

### *BACKGROUND*

Petitioner Mohamed A. El-Tabech ("El-Tabech") is a state prisoner. He has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking release from custody. (Filing No. 1.) Respondent has filed a Motion to Dismiss El-Tabech's Petition as a second or successive petition under 28 U.S.C. § 2244(b). (Filing No. 8.) El-Tabech has filed a Brief in opposition to Respondent's Motion. (Filing No. 10.) The court, having reviewed the record, agrees with Respondent that El-Tabech's Petition is successive.

**I.   State Court Procedural History**

On December 19, 1985, El-Tabech was sentenced to consecutive terms of life imprisonment for first-degree murder and 20 years' imprisonment for use of a deadly weapon to commit a felony. (Filing No. 1 at CM/ECF p. 1.) The pertinent factual

background is set forth in *State v. El-Tabech*, 696 N.W.2d 445 (Neb. 2005), and the court summarizes the facts relevant to this matter here.[1]

El-Tabech was convicted based on evidence that he killed his wife by strangling her with a bathrobe belt. *Id.* at 447-448. This evidence included testimony about hair evidence gathered at the crime scene:

> At trial, Dr. Reena Roy testified regarding tests that had been performed on physical evidence gathered from the crime scene. . . . A tuft of hair was found in the knot of the belt used to kill the victim. Roy testified that the seven hairs in the tuft were consistent with the victim's hair. An additional hair had fallen from the belt when evidence was gathered. Roy testified that this hair could not be identified as belonging to either El-Tabech or the victim.

*Id.* Several state-court appeals and post-conviction actions followed El-Tabech's conviction and sentencing. *See*, *e.g.*, *State v. El-Tabech*, 405 N.W.2d 585 (Neb. 1987); *State v. El-Tabech*, 453 N.W.2d 91 (Neb. 1990); and *State v. El-Tabech*, 610 N.W.2d 737 (Neb. 2000).

In 2001, the Nebraska Legislature enacted the DNA Testing Act, which permits a person in custody to request DNA testing of certain biological material. *El-Tabech*, 696 N.W.2d at 448. On December 17, 2002, an evidentiary hearing was held in the Lancaster County District Court on El-Tabech's motion to compel testing of evidence pursuant to the DNA Testing Act. *Id.* The district court ordered DNA testing of 29 pieces of evidence gathered at the crime scene. *Id.* The testing revealed two new facts not presented to the jury during El-Tabech's criminal trial: "(1) one of the seven

---

[1] In general, the court may not consider materials outside the pleadings on a motion to dismiss. However, the court may take judicial notice of judicial opinions and public records, and it does so here. *See*, *e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

2

hairs found in the knot in the belt belonged to neither the victim nor El-Tabech and (2) the hair that fell from the belt during the gathering of evidence belonged to El-Tabech." *Id.* at 452. Following a hearing on the results of the testing, the district court held that the test results did not warrant a new trial or an order vacating or setting aside the judgment. *Id.* at 448. The Nebraska Supreme Court affirmed the district court's decision on May 13, 2005, finding that the new evidence did not "establish that a substantially different result probably would have been produced had these facts been presented at trial." *Id.* at 452.

## II.   Federal Court Procedural History

El-Tabech has previously filed three Petitions for Writ of Habeas Corpus in this court challenging the same judgment he challenges in this matter. He filed the first on April 18, 1990, (*El-Tabech v. Hopkins*, Case No. 90CV146 (D. Neb.)), the second on May 22, 1997, (*El-Tabech v. Hopkins*, Case No. 97CV3190 (D. Neb.)), and the third on December 13, 2001 (*El-Tabech v. Kenney*, Case No. 01CV3328 (D. Neb.)). With respect to the 1997 and 2001 petitions, the Eighth Circuit Court of Appeals denied El-Tabech's requests to file successive petitions. (*See El-Tabech v. Hopkins*, Case No. 97CV3190 and *El-Tabech v. Kenney*, Case No. 01CV3328).

El-Tabech filed this matter, his fourth Petition for Writ of Habeas Corpus, on September 8, 2010. (Filing No. 1.) Condensed and summarized for clarity, Petitioner asserts the following claims:

> Claim One:   El Tabech was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because trial counsel (1) failed to produce the true murderer despite promising the jury that he would do so in his opening

      statement, and (2) ignored El-Tabech's persistent requests to take the stand and testify.[2]

Claim Two:   El-Tabech was denied due process and is actually innocent because DNA evidence revealed hair in a bathrobe belt that did not belong to him or the victim.

### *ANALYSIS*

Respondent argues that El-Tabech's Petition is successive and the court is without jurisdiction to consider it. (Filing No. 9 at CM/ECF p. 3.) Liberally construed, El-Tabech argues that his Petition is not successive because Claim Two was not ripe, and therefore could not have been raised, prior to the DNA testing of the hair evidence found at the crime scene. (Filing No. 10 at CM/ECF p. 1.)

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244(b), which provides in relevant part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[2]The court notes that El-Tabech previously raised a similar ineffective-assistance-of-counsel claim, which was reviewed on the merits by the Eighth Circuit Court of Appeals in *El-Tabech v. Hopkins*, 997 F.2d 386, 389-390 (8th Cir. 1993).

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The United States Supreme Court recently addressed when a claim should be deemed to arise in a "second or successive" habeas corpus application. In *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), the Supreme court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797. In addition, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* at 2798.

El-Tabech's Petition is "second or successive" and the court must dismiss it because El-Tabech has not sought and received the requisite authorization from the Eighth Circuit Court of Appeals. It is clear that El-Tabech's petition challenges the same judgment he has already challenged three times (i.e., the judgment authorizing his confinement). While it is true that El-Tabech raises a claim for relief based on matters that arose after he filed his prior three petitions, the phrase "second or successive" applies to his entire petition, not to any one individual claim. *See Magwood*, 130 S. Ct. at 2798.

El-Tabech's acquisition of new DNA evidence may constitute a basis to make a request to the Eighth Circuit Court of Appeals for leave to file a successive habeas petition, but it does not automatically allow El-Tabech to raise his claims to the district court in a new petition. *See Johnson v. Minnesota*, 2010 WL 1780223, at *3 (D. Minn. 2010) ("[E]ven claims based on new evidence cannot be raised in a second or successive habeas petition, without preauthorization from the apposite federal

5

appellate court."). If El-Tabech wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b)(3).

IT IS THEREFORE ORDERED that:

1. Respondent's Motion to Dismiss (filing no. 8) is granted. El-Tabech's Petition (filing no. 1) is dismissed without prejudice to reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 4th day of February, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.